IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MATTHEW WILES, Individually and on Behalf of All Others Similarly Situated**
**PLAINTIFF**

vs.                                                                 Case No.:

**KRUEGER PIZZA, LLC**
**DEFENDANT**

<u>**ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL — COLLECTIVE ACTION**</u>

Plaintiff Matthew Wiles ("Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, for his Original Complaint—Collective Action against Krueger Pizza, LLC ("Defendant"), states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the Florida Minimum Wage Act, Fla. Stat. Ann § 448.100 and Fla. Const. Art. X § 24 (the "FMWA").

2. Plaintiff seeks declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee, as a result of Defendant's policy and practice of failing to pay Plaintiff sufficient wages under the FLSA and the FMWA within the applicable statutory limitations period.

3. Upon information and belief, within the three years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

4. Upon information and belief, within the five years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FMWA as described, infra

## II.   JURISDICTION AND VENUE

5. The United States District Court for the Middle District of Florida has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

6. This Complaint also alleges FMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's FMWA claims pursuant to 28 U.S.C. § 1367(a)

7. Defendant conducts business within the State of Florida.

8. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Florida has personal jurisdiction over Defendant, and Defendant therefore "resides" in Florida.

9. A substantial part of the acts complained of herein were committed in and had their principal effect against Plaintiff within the Tampa Division of the Middle District of Florida. Therefore, venue is proper pursuant to 28 U.S.C. § 1391.

### III.   THE PARTIES

10. Plaintiff is an individual and resident of Hernando County.

11. Defendant is a domestic, limited liability company.

12. Defendant's registered agent for service of process is Carter, Clendenin & Foreman, PLLC, at 5308 Spring Hill Drive, Spring Hill, Florida 34606.

### IV.   FACTUAL ALLEGATIONS

13. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

14. Defendant owns and operates Papa John's franchises in Florida.

15. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level

that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

16. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as vehicles, fuel and goods or materials typically used in the fast-food industry.

17. Defendant employed Plaintiff within the three years preceding the filing of this lawsuit.

18. Specifically, Defendant employed Plaintiff as an hourly-paid Delivery Driver from approximately August of 2019 until January of 2020.

19. Defendant also employed other hourly-paid Delivery Drivers within the three years preceding the filing of this lawsuit.

20. At all relevant times herein, Defendant directly hired Plaintiff and other Delivery Drivers to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

21. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA and the FMWA.

22. Defendant classified Plaintiff as nonexempt from the overtime provisions of the FLSA.

23. Defendant also classified other Delivery Drivers as nonexempt from the overtime provisions of the FLSA.

24. Upon information and belief, Defendant applies or causes to be applied substantially the same employment policies, practices and procedures to all Delivery Drivers at all of their locations, including policies, practices, and procedures relating to payment of minimum wages and reimbursement of automobile expenses.

25. Defendant is an "employer" within the meaning set forth in the FLSA and FMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the proposed collective.

26. Plaintiff and the other Delivery Drivers at Defendant's restaurants work "dual jobs." Specifically, they deliver food to Defendant's customers and receive tips, and they also work inside the store completing nontipped duties.

27. Defendant paid Plaintiff and other Delivery Drivers a rate at or close to minimum wage per hour for work performed while in the store.

28. Defendant paid Plaintiff and other Delivery Drivers less than minimum wage per hour for all hours worked outside of the restaurant making deliveries. In other words, Defendant takes advantage of the "tip credit" provision of the FLSA pursuant to 29 U.S.C. § 203(m) while Plaintiff and other Delivery Drivers are out making deliveries.

29. Plaintiff and other Delivery Drivers would "clock out" from working inside the store and "clock in" as making deliveries when leaving the restaurant to make deliveries, thereby changing their hourly pay rate.

30. Defendant requires Delivery Drivers to maintain and pay for operable, safe, and legally compliant automobiles to use in delivering Defendant's pizza and other food items.

31. Defendant requires Delivery Drivers to incur and/or pay job-related expenses, including but not limited to automobile costs and depreciation, gasoline expenses, automobile maintenance and parts, insurance, financing, cell phone costs, and other equipment necessary for Delivery Drivers to complete their job duties.

32. Pursuant to such requirements, Plaintiff and other Delivery Drivers purchased gasoline, vehicle parts and fluids, automobile repair and

maintenance services, automobile insurance, suffered automobile depreciation, paid for automobile financing, and incurred cell phone and data charges all for the primary benefit of Defendant.

33. Defendant does not track Plaintiff's or other Delivery Drivers' actual expenses nor does Defendant keep records of all of those expenses.

34. Defendant does not reimburse Plaintiff and other Delivery Drivers for their actual expenses.

35. Defendant does not reimburse Plaintiff and other Delivery Drivers at the IRS standard business mileage rate.

36. Defendant does not reimburse Plaintiff and other Delivery Drivers at a reasonable approximation of Delivery Drivers' expenses.

37. Defendant reimbursed Plaintiff and other Delivery Drivers at a flat rate per delivery at $1.25 per delivery.

38. According to the Internal Revenue Service, the standard mileage rate for the use of a car during the relevant time periods has been as follows:

>  2018: 54.5 cents/mile
>  2019: 58 cents/mile
>  2020: 57.5 cents/mile
>  2021: 56 cents/mile
>  2022: 58.5 cents/mile

39. As a result of the automobile and other job-related expenses incurred by Plaintiff and other similarly situated Delivery Drivers, they were deprived of minimum wages guaranteed to them by the FLSA.

40. At all relevant times, Defendant has applied the same pay policies, practices, and procedures to all Delivery Drivers at their stores.

41. All of Defendant's Delivery Drivers were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid less than the applicable minimum wage rate before deducting unreimbursed vehicle costs.

42. Regardless of the precise amount of the per-delivery reimbursement at any given point in time, Defendant's reimbursement formula has resulted in an unreasonable underestimation of Delivery Drivers' automobile expenses throughout the recovery period, causing systematic violations of the minimum wage laws.

43. Defendant charges customers a delivery fee separate from the food charge, but the delivery charge is not paid to the driver per the Papa John's website (www.papajohns.com).

44. Plaintiff generally completed approximately 2 deliveries per hour while working as a Delivery Driver.

45. The typical delivery was anywhere from 5 to 7.5 miles away from the restaurant. Plaintiff estimates that the average delivery was 6.25 miles away (12.5 miles roundtrip.

46. Because Defendant paid Plaintiff and other Delivery Drivers a gross hourly wage at or around the applicable minimum wage, and because Plaintiff and other Delivery Drivers incurred unreimbursed automobile expenses and other job expenses, the Delivery Drivers "kicked back" to Defendant an amount sufficient to cause minimum wage violations. *See* 29 C.F.R. § 531.35.

47. Thus, in 2019, for example, Defendant under-reimbursed Plaintiff and other Delivery Drivers at an approximate rate of $0.48 per mile ($1.25 divided by 12.5 miles = $0.10, $0.48 less than the IRS standard mileage rate of $0.58 per mile).

48. Thus, while making deliveries (assuming 2 deliveries per hour at 12.5 miles per delivery), Plaintiff has consistently "kicked back" to Defendant approximately $12.00 per hour ($0.48 per mile x 12.5 miles per delivery x 2 deliveries per hour).

49. Defendant knew or should have known that it was not paying Plaintiff and other Delivery Drivers sufficient minimum wages.

Page 9 of 18
Matthew Wiles, et al. v. Krueger Pizza LLC
U.S.D.C. (M.D. Fla.)
Original Complaint—Collective Action

50. Defendant has willfully failed to pay minimum wages to Plaintiff and similarly situated Delivery Drivers.

51. Plaintiff has complied with pre-suit notice (if applicable), and all other conditions precedent to this action have been performed or waived. See Plaintiff's Demand letter attached as Exhibit "A

### V.   REPRESENTATIVE ACTION ALLEGATIONS

52. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

53. Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are or will be employed by Defendant as similarly situated employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

   A.   Minimum wages for all hours worked;

   B.   Liquidated damages; and

   C.   Attorney's fees and costs.

54. Plaintiff proposes the following collective under the FLSA:

   **All Delivery Drivers in the last three years.**

55. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

56. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

57. The members of the proposed FLSA collective are similarly situated in that they share these traits:

A. They were classified by Defendant as nonexempt from the minimum wage and overtime requirements of the FLSA;

B. They had substantially similar job duties and requirements;

C. They were required by Defendant to incur expenses to maintain vehicles for delivery of Defendant's products;

D. They were subject to Defendant's common policy of not reimbursing Delivery Drivers for automobile expenses related to making deliveries for Defendant's restaurants; and

E. They did not receive a lawful minimum wage.

58. Plaintiff's claims are essentially the same as those of the putative collective.

59. Defendant's unlawful conduct is pursuant to a corporate policy or practice.

60. Plaintiff is unable to state the exact number of potential members of the FLSA collective but believes that the collective exceeds fifty persons.

61. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

62. The names, addresses and cell phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via text message, email, and first class mail to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI.   FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

63. Plaintiff repeats and realleges paragraphs 1 through 62 of this Complaint as though fully incorporated in this section.

64. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

65. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

66. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

67. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

68. During the period relevant to this lawsuit, Defendant classified Plaintiff as nonexempt from the overtime requirements of the FLSA.

69. Defendant failed to pay Plaintiff a lawful minimum wage for all hours worked.

70. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

71. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

### VII. SECOND CAUSE OF ACTION
(Collective Action Claim for Violation of the FLSA)

72. Plaintiff repeats and realleges paragraphs 1 through 71 of this Complaint as though fully incorporated in this section.

73. Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

74. At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

75. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

76. During the period relevant to this lawsuit, Defendant classified Plaintiff and all others similarly situated as nonexempt from the overtime requirements of the FLSA.

77. Defendant failed to pay Plaintiff and all others similarly situated a lawful minimum wage for all hours worked.

78. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

79. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all others similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VIII. THIRD CAUSE OF ACTION
### (Individual Claim for Violation of the FMWA)

80. Plaintiff repeats and realleges paragraphs 1 through 79 of this Complaint as though fully incorporated in this section.

81. Plaintiff asserts this claim for damages and declaratory relief pursuant to the Florida Minimum Wage Act and the Florida Constitution.

82. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FMWA.

83. Fla. Stat. Ann. § 448.110 requires employers to pay employees a minimum wage as published by the Department of Revenue and the Department of Economic Opportunity.

84. Defendant failed to pay Plaintiff a lawful minimum wage for all hours worked.

85. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

86. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## IX.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Matthew Wiles, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. That Defendant be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. A declaratory judgment that Defendant's practices alleged herein violate the FLSA, the FMWA and attendant their regulations;

D. Judgment for damages owed to Plaintiff and others similarly situated under the FLSA, the FMWA and their attendant regulations;

    E.    Judgment for liquidated damages owed to Plaintiff and others similarly situated pursuant to the FLSA, the FMWA and their related regulations;

    F.    For a reasonable attorneys' fee, costs, and pre-judgment interest; and

    G.    Such other and further relief as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable against Defendant.

Respectfully submitted this __21st__, day of April, 2022.

**MATTHEW WILES, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

THE LEACH FIRM, PA
Wells Fargo Building
631 South Orlando Avenue, Suite 300
Winter Park, Florida 32789
Telephone: (844) 722-7567

*/s/* Carlos Leach
Carlos Leach – LEAD COUNSEL
Fla. Bar No. 0540021
cleach@theleachfirm.com

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088

        Facsimile: (888) 787-2040

        */s/ Josh Sanford*
        Josh Sanford
        Ark. Bar No. 2001037
        josh@sanfordlawfirm.com
        PHV forthcoming