UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATTHEW WILES, Individually and
on Behalf of All Others Similarly Situated,

     Plaintiff,

v.                                   Case No: 8:22-cv-933-KKM-CPT

KRUEGER PIZZA, LLC,

     Defendant.
_____

## ORDER

Matthew Wiles, a former pizza delivery driver, on behalf of himself and other delivery drivers, filed a complaint against Krueger Pizza, LLC, owner and operator of Papa John's franchises in Florida. (Doc. 1.) Wiles alleges that Krueger Pizza violated minimum wage laws under the federal Fair Labor Standards Act (FLSA) and Florida's Minimum Wage Act (FMWA) based on the company's delivery driver compensation scheme. (Doc. 1.) Wiles also moves to certify a class of delivery drivers. (Doc. 23.) Krueger Pizza moves to dismiss, arguing that Wiles fails to state a claim. (Doc. 13.) The Court grants Krueger Pizza's motion to dismiss because the complaint is an impermissible shotgun pleading and because Wiles has failed to state a claim. The Court also denies Wiles's motion for class certification as moot.

I.    **Facts**[1]

Matthew Wiles worked for a Papa John's owned and operated by Krueger Pizza, LLC, from August 2019 to January 2020, earning approximately minimum wage for nontipped store duties, and an hourly wage less than minimum wage plus tips and reimbursement while on deliveries. (Doc. 1 ¶¶ 18, 26, 27, 28.) Krueger Pizza requires all delivery drivers to use and maintain their own cars for deliveries, reimbursing each driver $1.25 per delivery regardless of distance. (*Id.* ¶ 30, 37.) Wiles alleges that this policy results in drivers making less than minimum wage because Krueger Pizza does not reimburse drivers a "reasonable approximation" of their expenses, including car and cell phone expenses. (*Id.* ¶ 32, 46.) On April 21, 2022, Wiles filed a complaint in federal court alleging: (1) an individual claim for violation of the FLSA, (2) a collective action claim for violation of the FLSA, and (3) an individual claim for violation of the FMWA. (Doc. 1.) Under each cause of action Wiles "repeats and realleges" all preceding paragraphs, thereby adopting the allegations of all previous counts. (*Id.* ¶¶ 63, 72, 80.) On June 9, 2022, Krueger Pizza filed a motion to dismiss the complaint, arguing that Wiles fails to allege facts sufficient to show that his wages fell below the lawful minimum for any workweek. (Doc. 13.) Wiles filed a response on June 21, 2022. (Doc. 18.)

---

[1] At this stage, the Court accepts all factual allegations in the complaint as true and construes them in the light most favorable to Plaintiffs. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

II.     **Wiles's complaint is technically deficient and constitutes impermissible shotgun pleading.**

Complaints that violate Federal Rules of Civil Procedure 8(a)(2) or 10(b) "are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has recognized four basic types of shotgun pleadings: (1) a complaint that contains multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into different counts each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. *Id.* at 1321–23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Here, Plaintiff attempts to bring multiple claims regarding Krueger Pizza's alleged failure to pay minimum wage to its delivery drivers. Each count is properly broken out and each appears to be against one defendant, Krueger Pizza, LLC. But each count incorporates the allegations of the preceding counts, which renders the complaint deficient

3

under Rules 8 and 10. This type of pleading is problematic because it muddles which facts go to which claims and prevents each claim from standing on its own merit before the Court. *See Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1045 n.39 (11th Cir. 2014) ("By the time a reader of the pleading gets to the final count, it is exceedingly difficult, if not impossible, to know which allegations pertain to that count (according to its label), to separate the wheat from the chaff. Put plainly, shotgun pleadings unnecessarily tax the time and resources of the District Court as well as the Court of Appeals."). Accordingly, the proper course of action is to strike a shotgun pleading and allow an opportunity to remedy the deficiencies. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018) ("[I]n a case in which a party, plaintiff or defendant, files a shotgun pleading, the district court should strike the pleading and instruct counsel to replead the case . . . This is so even when the other party does not move to strike the pleading.") (quotations and alterations omitted).

### III.   Wiles's complaint fails to state a claim.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers

'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss for failure to state a claim, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering the motion, the court accepts all factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

Wiles fails to state a viable claim for relief against Krueger Pizza as a matter of law. Wiles alleges Krueger Pizza "failed to pay [him] a lawful minimum wage for all hours worked." (Doc. 1 ¶ 69.) Although Wiles alleges that Krueger Pizza paid him and other delivery drivers a rate below minimum wage when they were making deliveries, he acknowledges that this practice is consistent with the FLSA's "tip credit" provision that allows employers to pay tipped employees at an hourly rate below the minimum. (*Id.* ¶ 28.) Wiles cites *Secretary of Labor v. Labbe*, and its holding that a plaintiff need allege "simply a failure to pay . . . minimum wages to covered employees" to properly

5

plead a minimum wage violation under the FLSA. 319 F. App'x 761, 763 (11th Cir. 2008). In reliance on this case, Wiles argues that his allegation "Defendant has willfully failed to pay minimum wages to Plaintiff" is enough to survive a motion to dismiss.

However, Wiles's reliance on this unpublished opinion is misplaced. In published opinions, the Eleventh Circuit has set a higher bar for pleading standards, and this Court need not accept as true any of Wiles's allegations that are conclusory rather than factual. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (noting that "if allegations are indeed more conclusory than factual, then the court does not have to assume their truth"). Here, Wiles merely alleges that a violation is possible, but does not allege sufficient facts to show that a violation of the FLSA is plausible. *See* Iqbal, 556 U.S. at 679. With nothing more than "Defendant has willfully failed to pay minimum wages to Plaintiff," Wiles's allegations are insufficient to plead a plausible violation of the FLSA's minimum wage requirements.

Wiles's only contention seems to be that Krueger Pizza's reimbursement of $1.25 was too low. In support of this allegation, Wiles offers only a comparison of Krueger Pizza's reimbursement rate to the IRS's standard mileage reimbursement rate (Doc. 1 ¶ 37, 38), and the allegation that the "Defendant's reimbursement formula has resulted in unreasonable underestimation of Delivery Drivers' automobile expenses . . . causing

systematic violations of the minimum wage laws." (*Id.* ¶ 42.) This is not sufficient to allege a violation of the FLSA.

The FLSA (and similarly, the FMWA) requires that employers pay employees a minimum wage at a regular rate of pay. The Department of Labor states that "regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid." 29 C.F.R. § 778.109. If that quotient results in an average hourly wage that meets the minimum, there is no FLSA violation. The FLSA further provides that employers must provide this regular rate of pay "finally and unconditionally or 'free and clear.'" 29 C.F.R. § 531.35. This means that the minimum wage requirements of the Act "will not be met where the employee 'kicks-back' directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee." *Id.* A kick-back occurs when the cost of tools specifically required for the job "cuts into the minimum or overtime wages required to be paid [to the employee] under the Act." *Id.*

Wiles alleges that delivery drivers incurred expenses that resulted in kick-backs (Doc. 1 ¶ 37), but he fails to allege whether or how these kick-backs resulted in a violation of the minimum wage requirement. Wiles merely concludes that because drivers

received "a gross hourly wage at or around the applicable minimum wage," and because drivers incurred unspecified "unreimbursed automobile expenses and other job expenses, the Delivery Drivers 'kicked back' to Defendant an amount sufficient to cause minimum wage violations." (Doc. 1 ¶ 46.) But the pleading standard set forth in *Iqbal* and *Twombly* requires more than such naked assertions. Without further factual allegations regarding the weekly earnings of delivery drivers, it is impossible to tell if Krueger's Pizza violated the FLSA.

Wiles's collective claim under the FLSA's minimum wage requirement fails for the same reasons. Without pleading any additional facts, he alleges that Krueger Pizza failed to pay all others similarly situated a lawful minimum wage for all hours worked. (Doc. 1 ¶ 77.) Because his claim as an individual fails to state facts sufficient to state a plausible claim, his collective claim also fails. Finally, without pleading additional facts, Wiles alleges a violation of the FMWA because "Defendant failed to pay Plaintiff a lawful minimum wage for all hours worked." (Doc. 1 ¶ 84.)  Because his federal claims fail, this claim also fails.

## IV.   CONCLUSION

Wiles alleges three claims, two federal and one state. Two of them incorporate all allegations of the prior counts, and none state a claim for relief. Accordingly, the following is **ORDERED**:

1.   Defendant's Motion to Dismiss (Doc. 13) is **GRANTED**. Wiles's claims are **DISMISSED** without prejudice.

2.   Plaintiff's Motion for Class Certification (Doc. 23) is **DENIED** as moot.

3.   Plaintiff may file an amended complaint on or before **September 21, 2022**. Ten days after Defendant answers any amended complaint, the parties are directed to file an amended case management report.

**ORDERED** in Tampa, Florida, on September 7, 2022.


_____
**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

9